FILED
HARRISBURG, PA
MAR 0 9 2023
PER ____ DEPUTY CLERK

United States District Court
Middle District of Pennsylvania

| | |
|---|---|
| Katie-F; Lapp, Plaintiff<br>v.<br>George Nye, et al., Defendants | Civil Action<br>No. ________ |

Civil Complaint

I. Jurisdiction & Venue:

1. This civil action is authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of law, ordinance, regulation, custom, or usage, of rights secured by the Constitution and laws for the united States of America. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. And her claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2)

because it is where the events or ommissions giving rise to the claim ocurred.

II. Plaintiff:

3. Plaintiff Katie-J; Lapp, has been incarcerated since Dec. 6, 2021, and is currently being held at Columbia County Prison, 721 Iron Street, Bloomsburg, Pennsylvania [17815].

III. Defendants:

4. Defendant George Nye is the warden at Columbia County Prison. He is legally responsible for the operation of the Prison and for the welfare of all the inmates in it.

5. Defendant Jim Burns is the deputy warden at Columbia County Prison. He is responsible for redressing the grievances which occur in it.

6. Defendant Lt. McCabe is a lieutenant at Columbia County Prison.

7. Defendant Sgt. Horrax is a sergeant at Columbia County Prison.

8. Defendant John Keller is a disciplinary hearing officer at Columbia County Prison.

9. Defendant CO Whitmire is a correctional officer at Columbia County Prison.

10. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under color of law, ordinance, regulation, cutom, or usage.

IV. Facts:

11. On Feb. 8, 2023, Plaintiff was transferred from Clinton County Correctional Facility to Columbia County Prison by two Union County deputy sheriffs with no explanation given.

12. Upon arrival at Columbia County Prison at approximately 10:45 AM the female CO in intake asked Plaintiff if she would remove her head covering so she could pat down her hair. Plaintiff told that CO that she would do so in privacy.

13. When the female CO strip-searched Plaintiff in privacy, Plaintiff removed her head covering and shook out her hair for that CO to observe that there was nothing hidden in either of them.

14. After Plaintiff was fully dressed in jail uniform and her own head covering, one or both of the CO's in intake told her she had to remove the head covering for the inmate photos.

15. Plaintiff was devasted. She told the CO's it is her religious right to keep it on, that she always wears it for passport photos, etc. (identification photos). But they kept insisting she had to remove it.

16. At some point Defendants McCabe, Horrax, and Whitmire entered intake. They, too, insisted Plaintiff had to remove her head covering for the photos, but she kept asserting that she doesn't have to because she wears it for religious reasons.

17. Defendant McCabe claimed Plaintiff doesn't constantly wear her head covering, and mockingly asked her if she wears it to shower.

18. Plaintiff continued to assert that it is her civil, constitutional and/or religious right to keep her head covering on, and that taking it off would be like uncovering her legs and thighs (right then and there).

19. Defendant McCabe and/or Defendant Horrax then asked Plaintiff what religion. When she told them "Christian" they both sneered at her, saying they, too, were Christian, and that that gave her no right to keep her head covered.

20. At that point McCabe started demanding that Plaintiff remove her covering from her head. Then because she steadfastly refused to violate her conscience by exposing what God, in His Word, the Holy Bible, calls nakedness, McCabe, with calloused indifference, took Plaintiff's head covering from her until photos were taken of her.

21. After McCabe returned Plaintiff's covering to her and she had it back on her head, Defendant Whitmire handcuffed Plaintiff and put her in Admin Lock for an unspecified amount of time.

22. A few hours passed before Plaintiff got around to sending a formal grievance to Defendant Tim Burns letting him know what McCabe had done, that it is humiliating and a violation of her Biblical decency

for the prison to have photos of her in their system with her head/hair uncovered, and requested that they be deleted and new ones taken of her WITH her head covering on.

23. Then at approximately 4 PM Plaintiff was handed a Columbia County Prison Misconduct Report that McCabe filed against her for refusing to obey orders to remove her head covering (for the photos only).

24. On Feb. 13, 2023, at approximately 10:30 AM when Defendant John Weber held a misconduct hearing for Plaintiff Katie, he kept arguing that she could have hidden a knife under her head covering and that safety trumps her religious rights/practice.

25. Plaintiff asserted that that was ludicrous, that (IF she had access to a knife after the strip search) she could have hidden it under her jail uniform (under her armpits or somewhere, or even in her shoes). But instead of hearing her out, Weber, out of calloused indifference, just declared Plaintiff guilty and sent her back to her cell for a total of seven days of disciplinary locks.

26. As soon as possible on the same day Plaintiff submitted to Defendant George Nye, a misconduct hearing appeal to appeal the actions of John Weber's calloused indifference and to plead with Nye to remove all traces of those indecent photos of her — to which he responded to on Feb. 14, 2023, with a denial.

27. Also on Feb. 14, Defendant Tim Burns responded

to Plaintiff's 1st Level Grievance by stating that an intake photo is taken of all inmates, without any head or face covering for security and identification purposes, and therefore denied Plaintiff's request to delete the photos taken of her on Feb. 8, 2023.

28. Plaintiff immediately filled out and sent the 2nd Grievance Form to Defendant Nye, basically to let him know that pursuant to 42 U.S.C. Section 2000 bb-1 he has no right to keep photos of her in a state of immodesty/indecency (according to her religious beliefs and practice), and asked once again that they be deleted — which, too, was denied.

V. Legal Claims:

29. Defendants Lt. McCabe's and Sgt. Horrax's actions of mockingly asking Plaintiff an undignified question about what she does in privacy (when she showers) and/or snearing at her for asserting that it is her Christian right to keep her head covered (in public) and forcing her with calloused indifference to have her photos taken without her head covering violated and continues to violate Plaintiff's rights under the First Amendment to the United States Constitution and under 42 U.S.C. 2000cc-1 (RLUIPA). These unlawful actions caused or are causing Plaintiff emotional distress, injury to her moral reputation and dignity, and also irreparable injury to her First Ammendment rights.

30. Defendant Whitmire's actions of handcuffing Plaintiff and putting her in admin locks for refusing to violate her religious practice of always being Biblically modest/decent, violated Plaintiff's rights under the Eighth Amendment to the United States Constitution, and caused injury to Plaintiff's reputation and limited freedom.

31. Defendant John Weber's actions of arguing with Plaintiff with calloused indifference instead of hearing her out, and sentencing her to seven (7) days of disciplinary lock for exercising her right to practice her religion, violated Plaintiff's rights under the First, Fifth and Eighth Amendments to the United States Constitution, and caused Plaintiff emotional distress and injury to her First and Fifth Amendment rights.

32. Defendants George Nye's and Tim Burn's actions of refusing to redress the actions of Defendant John Weber and/or the actions of Defendant Lt. McCabe, and denying Plaintiff's requests to please delete the Feb. 8, 2023 intake photos of her (not decently dressed according to her religious belief and practice), violated and continues to violate Plaintiff's rights under the First Amendment to the United States Constitution and under 42 U.S.C. Section 2000cc-1 (RLUIPA). These unlawful actions caused and are causing Plaintiff injury to her moral reputation and dignity, and also irreparable injury to her First Amendment rights.

33. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

VI. Prayer For Relief:

34. WHEREFORE, Plaintiff respectfully prays that this court enter judgment:

35. Granting Plaintiff a declaration that the acts and ommissions described herein violate Plaintiff's rights under the Constitution ands laws for the united states of America, and

36. A preliminary and permanent injunction ordering Defendant George Nye to delete ALL traces of ALL the intake photos taken of Plaintiff on Feb. 8, 2023, and to notify the staff at Columbia County Prison not to request or force Plaintiff to remove her head covering, except in privacy by a female.

37. Plaintiff seeks nominal and punitive damages in the amount of $3000.00 a day for each day since Feb. 8, 2023, that any trace of those intake photos of her remain in the system of Columbia County Prison or anywhere. Plaintiff seeks these damages against each defendant jointly and severally.

38. Plaintiff also seeks a trial by jury on all issues triable by jury, and

39. Recovery of her costs in this suit, and
40. Any additional relief that this constitutional court deems just, proper, and equitable.

Dated: 3/4/23

Respectfully submitted
by: the living soul Katie-F;
Lapp, sui juris, jus soli,
all rights reserved UCC 1-308
@ Columbia County Prison
721 Iron Street
Bloomsburg, Penn. [17815]

VERIFICATION:

I have reread the foregoing complaint and hereby verify that the matters alleged therein are true, except as to the matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at: Bloomsburg, Penn. on Mar. 4, 2023
Autograph by: the living soul Katie-F;
Lapp, sui juris, jus soli,
all rights reserved UCC 1-308

Katie J; Rapp,
c/o Columbia County Prison
721 Iron Street
Bloomsburg, Penn. 17815

RECEIVED
HARRISBURG, PA

MAR 09 2023

PER ______________
DEPUTY CLERK

Legal
Mail

United States Distric[…]
Middle District of Pe[…]
228 Walnut S[…]
P. O. Box 983
Harrisburg, Penn. 1[…]